## IN RE: GUARDIANSHIP OF BOLLERO

Case No. 87-172-CP-02-WLB

Twentieth Judicial Circuit, Collier County

February 5, 1990

**APPEARANCES OF COUNSEL**

Theodore Zelman, Esquire.

### OPINION OF THE COURT

WILLIAM L. BLACKWELL, Circuit Judge.

*ORDER DENYING MOTION TO TERMINATE
GUARDIANSHIP*

The Court has for consideration the Motion to Terminate Guardianship and a Motion to Withdraw as Counsel for the Guardian and her ward. The motions recite that the guardian and ward have removed themselves from the jurisdiction and now reside in the Republic of Argentina. These motions must be denied because of the requirements of the Florida Probate Rules, specifically, Rule 5.030 and Rule 5.670. Rule 5.030 requires that every guardian and every personal representative shall be represented by an attorney admitted to practice in Florida.

The guardian or personal representative may represent him/herself only if he/she is an attorney admitted to practice in Florida.

Rule 5.670 provides that when the domicile of a resident ward has been changed to a foreign state (which would certainly include a foreign country) and the foreign Court having jurisdiction over the ward at his new domicile has appointed a guardian of the property of the ward and the guardian has qualified and posted a bond in an amount required by the foreign Court, the Florida guardian of the property of the ward may file his final accountings and close the Florida guardianship. Subparagraph b of Rule 5.670 provides that notice, published once a week for two consecutive weeks in a newspaper of general circulation, is required after filing accountings and calling for objections to be filed within thirty days of publication; and that application for discharge will be made on a day certain and that jurisdiction of the ward will be transferred to the state of foreign jurisdiction.

Section 744.3678 Fla. Stats. also requires that each guardian authorized to manage property must file an annual financial return with the Court. The details of this required annual financial return are spelled out in the statute.

There being no showing of compliance with the requirements of these rules and statute, the motions are accordingly DENIED.

It is so ORDERED this 5th day of February, 1990.